**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  1001 S.W. FIFTH AVENUE, # 700  DIANE K. BRIDGE, LAW CLERK
CHIEF BANKRUPTCY JUDGE  PORTLAND, OREGON 97204  MARGOT LUTZENHISER, LAW CLERK
(503) 326-1536

**NOT FOR PUBLICATION**

September 22, 2008

Matthew A. Casper
Oliveros & O'Brien, P.C.
9200 SE Sunnybrook Blvd., Suite 150
Clackamas, OR 97015

Miles D. Monson
Anderson & Monson, P.C.
10700 SW Beaverton-Hillsdale Hwy.
Beaverton, OR 97005

    Re:   <u>Timothy and Kara Berendt</u>, Case No. 07-35054-elp13
         Objection to Confirmation of Modified Chapter 13 Plan

Dear Counsel:

    The purpose of this letter is to give you my ruling on the objection filed by Clackamas Community Federal Credit Union (creditor) to confirmation of debtors' proposed modified chapter 13[1] plan, dated July 10, 2008. I took the matter under advisement after the September 10, 2008 hearing at which the parties represented to the court that this matter turned on a legal issue -- whether a creditor whose claim is treated as fully secured in the original confirmed plan can be treated as only partially secured in a modified plan.

    Debtors Timothy and Kara Berendt (debtors) filed a chapter 13 petition in 2007. At that time, they owned a 1998 GMC Jimmy, which was collateral for a debt owed to creditor. Debtors proposed in paragraph 4 of their chapter 13 plan, to which creditor did not object, that debtors would pay the regular contract payments due postpetition directly to creditor, "whose debts are either fully secured or are secured only by a security interest in real property that is the debtor's principal residence[.]" The plan did not contain a motion to value the collateral securing creditor's claim.

---

    [1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 <u>et seq</u>.

Creditor filed a proof of claim for $4,881.01, which it stated was secured by collateral that was worth $6,780. Debtor did not object to the claim.

In April, 2008, the court confirmed the plan.

Debtors now move to modify their plan to delete the payments to creditor, because they have surrendered the vehicle to creditor, which has sold it. They propose to treat the deficiency as an unsecured claim. Creditor objects, arguing that the Bankruptcy Code does not allow debtors to modify a plan for the purpose of treating an originally fully secured claim as partially secured and partially unsecured.

According to counsel's representations made in debtors' brief to the court and at the hearing on this matter, debtors surrendered the vehicle to creditor postconfirmation when they determined that they could not afford to keep up the payments on it because Mrs. Berendt had failed to obtain employment. Creditor's counsel represented that creditor paid $1,440 for repairs on the vehicle, then sold it in June 2008 for $1,500, leaving a deficiency of $3,300.

ISSUE

Whether, following post-confirmation surrender of collateral, a chapter 13 debtor may modify a plan to terminate payments on the secured claim and treat any deficiency as unsecured.

DISCUSSION

Modification of chapter 13 plans is governed by § 1329, which provides, as relevant:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to --
>
> > (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> >
> > (2) extend or reduce the time for such payments;

>       (3) alter the amount of the distribution to a
> creditor whose claim is provided for by the plan to the
> extent necessary to take account of any payment of such
> claim other than under the plan; or
>
>       (4) [not relevant here].
>
>       (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this
> title and the requirements of section 1325(a) of this title
> apply to any modification under subsection (a) of this
> section.

Creditor argues that § 1329 provides for modification of a chapter 13 plan only for the purposes provided in the statute, and surrendering the collateral, having the creditor sell the collateral and then reclassifying the secured claim as partially unsecured to the extent of the deficiency is not permitted by § 1329. It relies on In re Nolan, 232 F.3d 528 (6th Cir. 2000), which holds that a modification such as the one debtors propose here is a reclassification of the claim that is not allowed by § 1329.

The cases are deeply split over whether § 1329 allows modification of a confirmed chapter 13 plan to account for the surrender and sale of collateral that leaves a deficiency, when the plan had treated the claim as fully secured. One line of cases follows Nolan in rejecting the modification of the rights of the secured creditor under these circumstances. E.g., In re Coleman, 231 B.R. 397 (Bankr. S.D. Ga. 1999).

Another line of cases allows modification under these circumstances, based on various reasoning. E.g., Bank One, NA v. Leuellen, 322 B.R. 648 (S.D. Ind. 2005); In re Zieder, 263 B.R. 114 (Bankr. D. Ariz. 2001). Some courts focus on the fact that § 502(j) allows reconsideration of an allowed or disallowed claim at any time for cause, which can include the surrender of collateral in satisfaction of a secured claim. Others focus on § 506(a), which governs the secured status of claims and provides that a claim is secured to the extent of the value of the collateral and an unsecured claim to the extent the value of the collateral is less than the amount owed. Courts also consider § 1325(a)(5), which specifically applies to modifications of plans, to conclude that a modified plan can be confirmed if the plan complies with § 1325(a). Section 1325(a)(5) requires that a plan provide for secured claims in one of three ways, one of which is to surrender the collateral to the secured creditor.

Matthew A. Casper
Miles D. Monson
September 22, 2008
Page 4

Two treatises argue that modification to treat a deficiency as unsecured after surrender of collateral should be allowed; one argues that it should not be allowed. Compare 8 Lawrence P. King, Collier on Bankruptcy ¶ 1329.04[1] (15th ed. Rev. 2007) and 3 Keith M. Lundin, Chapter 13 Bankruptcy § 264.1 (3d ed. 2007) (arguing that the modification is allowable under § 1329), with Hon. William L. Norton, Jr. and William L. Norton III, Norton Bankruptcy Law and Practice § 150:3 (3d ed. 2008) (arguing that the modification is not allowable under § 1329).

I have read these and other cases discussing the surrender and modification issue as well as the treatises. As I said, there is a deep split in the cases, and Nolan is the only circuit decision on point. Having considered the arguments on both sides of the issue, I disagree with Nolan and conclude that modification under these circumstances is permissible. I find the court's opinion in Bank One, NA v. Leuellen, cited above, particularly persuasive. In light of the extensive opinions that have been written on this subject, I will give only a brief explanation of why I reach that conclusion.

First, § 1329(a)(1) allows modification to reduce the amount of payments on claims of a particular class. Each secured claim is generally separately classified, so reduction of payments on the secured claim to zero after surrender of the collateral fits within the language of the statute.

Second, although this claim was treated as fully secured in the original confirmed plan, there is no deadline for objecting to a claim. See Fed. R. Bankr. P. 3007. Orders allowing or disallowing claims may be reconsidered at any time. Fed. R. Bankr. P. 3008. Valuation of collateral for purposes of determining whether a claim is fully secured or partially secured and partially unsecured under § 506(a) can be affected by the purpose of the valuation. See Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997). Thus, there may be multiple valuations of collateral during the life of a case, depending on the facts and circumstances.

As Judge Lundin explains, changes in value of collateral during the life of a case may be a result of the purpose of the valuation more than of anything the debtor has done. Lundin, Chapter 13 Bankruptcy at 264.1, p.264-32. If the debtor proposes to retain the collateral, the value is determined using a replacement value. If, on the other hand, the debtor proposes to

Matthew A. Casper
Miles D. Monson
September 22, 2008
Page 5

surrender the collateral, the value will be determined using liquidation value. The difference can be significant.

Third, § 1325(a) governs how a plan can affect the rights of a secured creditor, and one of the ways a secured creditor's rights may be affected is by surrender of the collateral. § 1325(a) specifically applies to modifications of plans under § 1329(b)(1).

Finally, § 1323(c) also specifically applies to post-confirmation modifications. That section contemplates that a secured creditor's rights can be changed under a modification. Subsection (c) provides:

> Any holder of a secured claim that has accepted or rejected the plan is deemed to have accepted or rejected, as the case may be, the plan as modified, <u>unless the modification provides for a change in the rights of such holder from what such rights were under the plan before modification</u>, and such holder changes such holder's previous acceptance or rejection.

(Emphasis supplied.) Thus, Congress clearly contemplated that a secured creditor's rights could be affected by a plan modification.

For these reasons, I conclude that there is no impediment to modification of a confirmed chapter 13 plan to reflect the surrender of collateral and its sale for less than the amount of the debt. This includes treating the claim as partially secured up to the value of the collateral and partially unsecured for the deficiency. I agree with the courts that hold that the creditor's interests are protected at initial confirmation by the requirement of adequate protection and at modification by the bankruptcy court's discretion to deny confirmation if the debtors have acted in other than good faith with regard to the collateral.[2]

---

[2] It is worth noting that debtors' plan provided that they would pay the secured claim at issue by making direct payments to creditor in accordance with the original contract. If debtors failed to pay creditor as required by the plan, creditor's recourse was repossession and sale. Nothing in the original confirmed plan would allow payment by the trustee to
(continued...)

Matthew A. Casper
Miles D. Monson
September 22, 2008
Page 6

      Creditor's objection was based on a purely legal argument. If creditor wants to challenge the facts that are set out in this letter and which were based in part on the representations of counsel rather than on evidence, and argue about good faith, creditor shall advise the court and opposing counsel within five days from the date of this letter that it wants an evidentiary hearing, and the court will set a hearing. If creditor does not ask for an evidentiary hearing within five days, counsel for debtors should submit an order overruling creditor's objection and stating that the parties have stipulated to the facts as set out in this letter.

                                        Very truly yours,

                                        ELIZABETH L. PERRIS
                                        Bankruptcy Judge

---

    [2](...continued)
creditor on the secured claim.